IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICAL ASSURANCE COMPANY, INC., | ) | CASE NO. 1:06 CV 1248 |
| | ) | |
| | ) | JUDGE LESLEY WELLS |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| JORGE ARTURO MARTINEZ, *et al.*, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

## Introduction

In this diversity case, the plaintiff, Medical Assurance Company, Inc., has brought a declaratory judgment action with respect to certain medical malpractice liability policies issued to defendants Jorge Arturo Martinez; Jorge A. Martinez M.D., Inc.; and Pain Management Medical Center, Inc.

Currently pending before the Court are the motions of Medical Assurance for summary judgment;[1] for judgment on the pleadings with respect to intervenor Virginia Ribis;[2] and for judgment on the pleadings as to intervenors Joseph Glowaski, the Estate of Blair Scott Knight, the Estate of John Lancaster, and the Estate of William R. Swearman, II.[3]

---

[1] ECF # 39.

[2] ECF # 40.

[3] ECF # 41.

Each of these motions has been opposed,[4] and Medical Assurance has filed replies in support of these motions.[5]

District Judge Lesley Wells has referred the pending motions to me for report and recommendation.[6]

For the reasons fully explained below, I recommend the following disposition of the pending motions:

- Medical Assurance's motion for judgment on the pleadings as to Glowaski's counterclaim for declaratory judgment should be denied.

- Medical Assurance's motion for judgment on the pleadings as to Ribis's counterclaims for declaratory judgment should be denied.  The motion should be granted, however, as to Ribis's counterclaims for breach of contract.

- Medical Assurance's motion for judgment on the pleadings as to the Estates of Knight, Lancaster, and Swearman should be denied as to the counterclaims for declaratory judgment.  The motion should be granted, however, as to the counterclaims for bad faith and unjust enrichment.

- Medical Assurance's motion for summary judgment should be denied without prejudice to renewal under the terms of the case management order in this case.

---

[4] ECF #s 42 (Ribis's response to motion for summary judgment), 44 (response to motion for judgment on the pleadings of Intervenors Glowaski, Knight Estate, Lancaster Estate, and Swearman Estate), 45 (Ribis's opposition to motion for judgment on the pleadings).

[5] ECF #s 43 (motion for summary judgment), 46 (motion for judgment on the pleadings as to Intervenors Glowaski, and the Estates of Knight, Lancaster, and Swearman), and 47 (motion for judgment on the pleadings as to Ribis).

[6] ECF # 48.

## Statement of the Case

The individual defendant in this case, Martinez, was an Ohio physician who treated patients at or through defendants Jorge A. Martinez, M.D., Inc. and Pain Management Medical Center, Inc., which he owned in whole or in part.  Martinez was convicted in federal court on 58 counts of drug trafficking, mail fraud, wire fraud, and health care fraud.  District Judge Donald C. Nugent sentenced Martinez to a term of life in prison for these crimes and ordered him to surrender to Immigration and Customs Enforcement for deportation.  Further, Martinez's assets have been frozen and are subject to forfeiture penalties identified in his superseding federal indictment.

Medical Assurance issued and renewed professional liability policies to Martinez for various policy periods.  On some of those policies, Jorge A. Martinez, M.D., Inc. and/or Pain Management Medical Center, Inc. were additional named insureds.

The intervenors in this case, Ribis, Glowaski, and the Estates of Knight, Lancaster, and Swearman, have filed medical malpractice lawsuits against the defendants in various Ohio state courts.  Ribis and Glowaski were patients of the defendants.  Glowaski died in 2007.[7]  His interests are now represented by Frances Glowaski, his mother, as administratrix of his estate.[8]  Knight, Lancaster, and Swearman are deceased former patients of the defendants.  The interests of their estates are represented in this case by their respective administrators or executors.

---

[7] ECF # 26.

[8] ECF # 38; non-document order of April 27, 2007.

Medical Assurance brought this declaratory judgment action seeking to rescind its obligations under the professional liability policies issued to the defendants, including any obligations that may arise from the intervenors' medical malpractice claims.[9] Neither Martinez nor his related corporations filed an answer to Medical Assurance's complaint.

The intervenors filed motions to intervene to protect their interests under the liability policies issued by Medical Assurance to the defendants.[10] Over the opposition of Medical Assurance,[11] District Judge Wells granted intervention under Federal Rule of Civil Procedure 24(a).[12]

Thereafter, the intervenors filed answers with affirmative defenses and counterclaims.[13] Ribis asserted three counterclaims for declaratory relief asking the Court to declare that Medical Assurance has an obligation to pay any amounts that the defendants may become legally obligated to pay as damages on the underlying state court complaint.[14] Ribis also asserted a counterclaim for breach of contract as a purported, intended, third-party beneficiary of the insurance contracts between Medical Assurance and the defendants.[15]

---

[9] ECF # 22 (amended complaint).

[10] ECF #s 7, 9, 10, and 19.

[11] ECF #s 12, 13, 14, and 20.

[12] ECF # 29.

[13] ECF #s 30, 31, and 32.

[14] ECF # 30 at ¶s 135-43.

[15] *Id.* at ¶s 144-53.

The Estates of Knight, Lancaster, and Swearman have also counterclaimed for a declaratory judgment finding that the coverage provided by Medical Assurance to the defendants covers any liability that may arise from the underlying state court lawsuits.[16] Further, these intervenors assert counterclaims for unjust enrichment and bad faith against Medical Assurance.[17]

Finally, intervenor Glowaski (and now his estate) have counterclaimed for a declaratory judgment that Medical Assurance is legally obligated to pay, under the policies issued to the defendants, any judgment in the underlying state court lawsuit only.[18]

Medical Assurance has moved for summary judgment against the defendants and has moved for judgment on the pleadings as to the counterclaims of all of the intervenors.[19] Pending the disposition of these motions, no case management conference has taken place and no case management plan and order has issued.

## Analysis

### 1. The declaratory judgment counterclaims

Medical Assurance argues that Ohio Revised Code § 2721.02(B), the state's substantive law for purposes of the rule of decision in this diversity case, bars the declaratory judgment counterclaims of the intervenors. The intervenors respond that § 2721.02(B) is

---

[16] ECF # 31, Prayer, §§ B and C.

[17] *Id.* at ¶s 41-42.

[18] ECF # 32 at ¶s 95-100.

[19] ECF #s 39, 40, and 41.

procedural, not substantive, and, therefore, not the rule of decision in this case. Furthermore, they argue that even if substantive, § 2721.02(B), properly interpreted, does not bar their declaratory judgment counterclaims.

A federal court sitting in diversity must apply the state's substantive law and the federal procedural law.[20] If the state statute at issue, Ohio Revised Code § 2721.02(B), is not substantive, then federal procedural law supplies the rule of decision. There is no argument that the Federal Declaratory Judgment Act presents no bar to the intervenors' declaratory judgment counterclaims.

On the other hand, if the statute is substantive law, then this Court must analyze the statutory scheme to determine if it creates the bar asserted by Medical Assurance. Because, as explained below, the outcome is the same under either state law or federal law, a decision need not be made about the characterization of the statute.

The statute in question, § 2721.02(B), prohibits direct actions by claimants of a tortfeasor against the tortfeasor's insurer until the claimant obtains the final judgment against the tortfeasor:

> A plaintiff who is not insured under a particular policy of liability insurance *may not commence* against the insurer that issued the policy *an action or proceeding* under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a

[20] *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.2d 501, 528 (6th Cir. 2002).

> tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.[21]

A companion statute, Ohio Revised Code § 3929.06(B), contains similar language and provides for a supplemental action by a judgment creditor of the tortfeasor against the tortfeasor's insurer after the entry of final judgment.[22]

Medical Assurance argues that the prohibition of commencing "against the insurer ... an action or proceeding ... that seeks a declaratory judgment or decree" bars the intervenors' declaratory judgment counterclaims here. This argument turns on whether the prohibition against commencing an action or proceeding applies to counterclaims by intervenors in a declaratory judgment action brought by the insurer against the tortfeasor.

Both federal and state courts previously addressing this question have uniformly interpreted the statutory language as not applying to claims asserted by intervenors in suits for declaratory judgment brought by insurers. Judge Walter Rice of the Southern District of Ohio in *Indiana Insurance Company v. Midwest Maintenance*[23] concluded that the relevant language in the statute about commencing an action should not be interpreted hypertechnically.

> Section 2721.02(B) prohibits someone who is not an insured from *commencing* an action. The verb commence means to begin or initiate. The State Court Plaintiffs did not commence this litigation; rather, Indiana initiated this lawsuit, requesting declaratory relief under 28 U.S.C. § 2201. The language

---

[21] Ohio Rev. Code § 2721.02(B) (emphasis added).

[22] Ohio Rev. Code § 3929.06(A).

[23] *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829 (S.D. Ohio Jan. 7, 2000).

> of § 2721.02(B) does not remotely suggest that parties, such as the State Court Plaintiffs, are precluded from seeking leave to intervene in a declaratory judgment action brought by an insurer against its insured.[24]

State courts confronted with this very same issue have reached the same conclusion.[25]

Moreover, both Ohio Revised Code § 2721.02(C) and § 3929.06(C)(2) provide that if the holder of a policy commences a declaratory judgment action as to coverage for an underlying claim and receives a final judgment as to coverage, then the claimants against the policyholder are bound by that judgment in any supplemental proceeding against the insurer. Several courts have observed that if these statutes are interpreted to preclude claimants against the tortfeasor from participating in declaratory judgment action as to coverage on the underlying claims, then such interpretation would violate due process.[26]

Finally, Medical Assurance argues that the statutory bar applies here because the intervenors have asserted their declaratory judgment claims as counterclaims. The federal and state authorities cited above are dispositive of this argument. Even though none of those authorities specifically comment upon the form of the claims asserted by the intervenors, it

---

[24] *Id.* at *2.

[25] *Indiana Ins. Co. v. Murphy*, 165 Ohio App. 3d 812, 822-23, 848 N.E.2d 889, 897-98 (2006); *Pfeiffer v. State Auto. Mut. Ins. Co.*, No. C-050683, 2006 WL 2788265, at *5 (Ohio App. Sept. 29, 2006); *Cincinnati Ins. Co. v. Consol. Equip. Co.*, No. 19390, 2003 WL 77122, at *4 (Ohio App. Jan. 10, 2003).

[26] *Cincinnati Ins. Co.*, 2003 WL 77122, at *10; *Harnish v. Safe Auto Ins. Co.*, No. 03-183-DLB, 2005 WL 1868785, at *5 (E.D. Ky. July 26, 2005). I note, however, that these statutes make reference to declaratory judgment actions brought by the holder of the policy and make no reference to declaratory judgment actions brought by the insurer. Reading the statutes literally, therefore, even if the intervenors did not participate in this case, they would not be bound by any judgment herein by operation of either of these statutes.

makes no difference here that the intervenors have chosen to proceed by counterclaims. They have also resisted Medical Assurance's positions as to coverage by denials to the amended complaint and affirmative defenses. Federal Rule of Civil Procedure 8(c)(2) expressly provides that mistaken designations of defenses as counterclaims or counterclaims as defenses are not fatal to the pleader.

**2.      Ribis's breach of contract/third-party beneficiary claim**

Ribis has asserted a freestanding breach of contract claim against Medical Assurance on the ground that she is an intended third-party beneficiary of the insurance contracts entered into between Medical Assurance and the defendants.

Under Ohio law it is clear that an injured party who seeks coverage under a tortfeasor's liability policy is not an intended third-party beneficiary; the insurance policy is primarily for the benefit of the insured, not the injured party.[27] This is dispositive of Ribis's third-party beneficiary claim.

Ribis argues that somehow this rule does not apply to her situation based upon the Ohio Court of Appeals decision in *QualChoice, Inc. v. Brotherhood Insurance Company*.[28] In that case, the court recognized an intended third-party beneficiary claim under medical payment coverage in an insurance policy. The court reasoned that because medical payment

---

[27] *QualChoice, Inc. v. Bhd. Ins. Co.*, No. 06CA00020, 2007 WL 152618, at *3 (Ohio App. Jan. 22, 2007); *Siemientkowski v. State Farm Ins. Co.*, No. 85323, 2005 WL 1994486, at *4 (Ohio App. Aug. 18, 2005); *Chitlik v. Allstate Ins. Co.*, 34 Ohio App. 2d 193, 196, 299 N.E.2d 295, 297 (1973).

[28] *QualChoice*, 2007 WL 152618.

coverage provides compensation for medical expenses without regard to fault, such coverage primarily benefits the injured party, not the insured.[29]

The *QualChoice* court nevertheless recognized that under a liability insurance policy, the injured party is not an intended third-party beneficiary.[30] The policies at issue here are liability policies that provide compensation only for injuries caused by the fault of the insured. The *QualChoice* decision, therefore, does not support Ribis's argument.

**3.     Counterclaims for bad faith**

The Estates of Knight, Lancaster, and Swearman have asserted freestanding counterclaims for bad faith against Medical Assurance. Ohio law clearly and unequivocally provides that a claim of bad faith cannot be brought against an insurer by a third-party claimant.[31] The Estates' counterclaim for bad faith, therefore, must fail.

**4.     Counterclaim for unjust enrichment**

The Estates of Knight, Lancaster, and Swearman also assert a freestanding counterclaim for unjust enrichment. Specifically, they allege that Medical Assurance has been unjustly enriched because it collected premiums from the defendants and yet refuses to pay claims asserted under the professional liability policies.[32] One of the elements of unjust

---

[29] *Id.* at *2.

[30] *Id.* at *3.

[31] *Siemientkowski*, 2005 WL 1994486, at *4; *Murrell v. Williamsburg Local School Dist.*, 92 Ohio App. 3d 92, 95, 634 N.E.2d 263, 265 (1993); *Pasipanki v. Morton*, 61 Ohio App. 3d 184, 185, 572 N.E.2d 234, 235 (1993).

[32] ECF # 31 at ¶ 41.

enrichment under Ohio law is a benefit conferred by one party upon another.[33]  This element creates a requirement of causation, which does not exist when the party asserting the claim was not involved in an economic transaction with the party alleged to have been unjustly enriched.[34]

Here, neither the Estates nor their decedents conferred any benefit on Medical Assurance nor were they involved in any economic transaction with this insurance carrier. In this context, only the defendants could assert a claim of unjust enrichment.  The Estates' counterclaim for unjust enrichment has no merit.

**5.      Medical Assurance's motion for summary judgment**

Medical Assurance has moved for summary judgment asserting that there are no material facts in dispute and that as a matter of law there is no coverage under the policies at issue for the claims asserted in the underlying state cases.  The intervenors argue that they should be given the opportunity to test the facts upon which Medical Assurance bases its motion.

Because of the pendency of the motion for summary judgment and the motions for judgment on the pleadings, a case management conference has never taken place in this case and no case management order has issued.  Under Federal Rules of Civil Procedure 26(d)(1) and 26(f)(1), a stay of discovery has been in effect.

---

[33] *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 286, 834 N.E.2d 791, 799 (2005).

[34] *Randleman v. Fidelity Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 824 (N.D. Ohio 2006).

In her order granting the motions to intervene, Judge Wells made it clear that the purpose of intervention in this case is to aid the judicial process by providing for opposition to Medical Assurance's arguments in the absence of the defendants' defense of the case.

> The Court further finds that permitting the movants to intervene serves to nourish the judicial process. Because the primary defendant in this action has not filed an answer to the complaint, the plaintiff faces no opposition to its action other than the proposed intervenors. Although granting the interventions of right will create the very opposition the plaintiff seeks to avoid, such opposition will not affect the plaintiff's ability to zealously pursue its claims nor will it create an unjust result in the outcome of the litigation. The Court sees no reason to deprive the movants with the opportunity to defend their interests, even if they are contingent in nature, given Martinez's failure to defend the validity of the policies in question. In fact, the only way the validity of these policies will be questioned is by permitting the movants to intervene. *See*, *Greaves*, 110 F.R.D. at 552 ("Surely it runs counter to our notions of fairness and justice to find that the company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this Court in the judicial process is to reach a just and equitable resolution based on facts, a task which can only be aided and served by the assistance of the strongest possible arguments by counsel.").[35]

Consistent with the above statements, the intervenors must be given the opportunity to test the facts put forward by Medical Assurance through discovery. The motion for summary judgment, therefore, should be denied without prejudice to its reassertion under the terms of a case management plan herein.

## Conclusion

For the foregoing reasons, I recommend that Medical Assurance's motions for judgment on the pleadings be denied in part and granted in part and that the motion for

---

[35] ECF # 29 at 6.

summary judgment be denied without prejudice to renewal under the terms of a case management order in this case.

Dated:  May 6, 2008                                             s/ William H. Baughman, Jr.
                                                                United States Magistrate Judge


**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[36]

---

[36] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).