UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICAL ASSURANCE COMPANY, INC., | ) ) ) | CASE NO. 1:06 CV 1248 |
| Plaintiff, | ) ) | |
| -vs- | ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION |
| JORGE ARTURO MARTINEZ, et al., | ) ) ) | |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

Plaintiff Medical Assurance Company, Inc. ("Medical Assurance") brought this declaratory judgment action to determine certain medical malpractice liability policies it had issued to defendants Jorge Arturo Martinez, Jorge A. Martinez M.D., Inc., and Pain Management Medical Center, Inc. (Doc. 1). On 5 March 2007, this Court granted motions to intervene in this matter by Virginia Ribis, Joseph L. Glowaski, the Estate of John Lancaster, the Estate of Blair Scott Knight, and the Estate of William R. Swearman, II. (Doc. 29).

On 21 June 2007 this matter was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R") on Medical Assurance's: (1) Motion for Summary Judgment (Doc. 39); (2) Motion for Judgment on the pleadings on Intervenor Ribis' Counterclaim (Doc. 40); and, (3) Motion for Judgment on the Pleadings on Counterclaims brought by Intervenor Glowaski, and Intervenor Estates of Lancaster, Knight and Swearman (Doc. 41). The Magistrate Judge also considered the intervenors' responses (Docs. 42, 44, 45) and Medical Assurance's replies (Docs. 43,

46 47).  Neither Defendant Martinez, nor his related corporations, filed an answer to Medical Assurance's complaint or responses to the motions now under consideration.

Upon a thorough and thoughtful review of the matter, Magistrate Judge Baughman issued an R&R (Doc. 49) which recommends the following:

- Medical Assurance's motion for judgment on the pleadings as to Glowaski's counterclaim for declaratory judgment should be denied.

- Medical Assurance's motion for judgment on the pleadings as to Ribis' counterclaims for declaratory judgment should be denied.  The motion should be granted, however, as to Ribis' counterclaims for breach of contract.

- Medical Assurance's motion for judgment on the pleadings as to the Estates of Knight, Lancaster, and Swearman should be denied as to the counterclaims for declaratory judgment.  The motion should be granted, however, as to the counterclaims for bad faith and unjust enrichment.

- Medical Assurance's motion for summary judgment should be denied without prejudice to renewal under the terms of the case management order in this case.

R&R at p. 2.

No party has objected to the Magistrate Judge's R&R.  Therefore, it must be assumed that the parties are satisfied with its conclusions.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Accordingly, this Court adopts Magistrate Judge Baughman's recommendations in their entirety.  Medical Assurance's Motion for Summary Judgment is denied without

prejudice to renewal under the terms of the Case Management Order to be scheduled in this case.  Medical Assurance's Motion for Judgment on the Pleadings is denied as to each intervenors' counterclaim for declaratory judgment.  Medical Assurance's Motion for Judgment on the Pleadings is granted as to Ribis' counterclaim for breach of contract, and the counterclaims brought by the Estates of Knight, Lancaster, and Swearman for bad faith and unjust enrichment.

This matter will proceed on the remaining claims of declaratory relief brought by Medical Assurance and the counterclaims of declaratory relief brought by the named intervenors.

The date of the Case Management Conference in this matter will be set forth in a separate order.

IT IS SO ORDERED.

       /s/Lesley Wells
UNITED STATES DISTRICT JUDGE